**Virgil A. HALL, Appellant,**

v.

**Otis R. BOWEN, Secretary of United States Department of Health and Human Services, Appellee.**

**No. 87–5457.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1988.

Decided Sept. 27, 1988.

---

Michael J. Persellin, St. Cloud, Minn., for appellant.

Michael C. Messer, Chicago, Ill., for appellee.

Before LAY, Chief Judge, BROWN,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.

LAY, Chief Judge.

Virgil Hall appeals from a district court order[1] affirming the Secretary of Health and Human Services' (the Secretary) denial of his applications for social security disability benefits. We affirm.

## I. Background

Hall is a forty-nine year old man who has a junior high school education and who has been diagnosed as mildly retarded. He has limited ability to read and write, his mathematical skills are poor, and he is very dependent upon his wife to manage his affairs. His relevant past employment is primarily comprised of twenty-three years experience as a laborer on a loading dock. Mr. Hall has an extensive and varied history of bad health which includes alcoholism, hearing loss, poor eyesight, shoulder pain, and a kidney disorder that resulted in the removal of one kidney. His primary complaints stem from a degenerative disc condition in his lower lumbar spine and the inordinate amount of pain Mr. Hall associates with this condition.

Hall applied for Supplemental Security Income and Disability Insurance Benefits on October 3 and 4, 1983, respectively, alleging disability since November 30, 1980. These applications were denied by the Secretary both upon initial review on December 23, 1983, and upon reconsideration on October 10, 1984. Hall requested and received a hearing before an Administrative Law Judge (ALJ). On March 14, 1985, ALJ Charles J. Frisch found that Hall was not disabled and denied the applications for benefits. The Appeals Council affirmed the ALJ's decision on May 29, 1985. Hall filed an action for review of this matter in federal district court. The case, however, was subsequently remanded for reconsideration in light of mental impairment listings newly codified by the Secretary pursuant to the Social Security Disability Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (codified as 42 U.S.C. § 423 (Supp. III 1985)). A supplemental hearing was held before ALJ Frisch on April 22, 1986. On May 29, 1986, the ALJ again found that Hall was not disabled and denied his applications for benefits. The ALJ determined that while Hall could not return to his previous employment he retained the residual functional capacity to at least perform light work. In reaching this conclusion, the ALJ had discounted Hall's complaints of disabling pain in light of contradictory objective clinical and laboratory data and medical opinion. On review the Appeals Council determined that the ALJ's conclusions were supported by the evidence in the record and affirmed the decision. The district court affirmed the Secretary on September 24, 1987. This appeal followed.

## II. Discussion

On appeal, Hall asserts that the Secretary erred in finding that (1) the combination of his impairments does not meet or equal the definition of a "Somatoform Disorder" and (2) he has the residual functional capacity to perform light work.

### A. Somatoform Disorder

In considering the extent of Hall's nonexertional impairment, the ALJ

---

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

erroneously determined that he was ineligible for disability classification under somatoform disorders.[2] The ALJ did, however, consider whether Hall was disabled as a result of an affective disorder. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (1987). This is significant because in order to find disability because of an affective disorder, claimant must demonstrate a causal connection between the disorder and at least two of the four following conditions:

 1. Marked restriction of activities of daily living; or

 2. Marked difficulties in maintaining social functioning; or

 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(B)(1)–(4). To find disability due to a somatoform disorder, the claimant must demonstrate a causal connection with three of these four conditions. *Id.* at § 12.07(B)(1)–(4). The ALJ concluded that while Hall might have difficulties in maintaining social functioning he was able to perform activities of daily living, concentrate sufficiently to complete tasks in a timely manner, and had not experienced any episodes of deterioration or decompensation in work-like settings. By virtue of these findings, the ALJ could not have found Hall disabled by a somatoform disorder even if he had properly interpreted § 12.07(A).

The Appeals Council acknowledged that the ALJ had incorrectly interpreted § 12.07(A). It nonetheless affirmed the ALJ's decision. Its decision was based, in part, on the ALJ's analysis of Hall's capabilities under § 12.04(B)(1)–(4). The decision was also based on a review of the reports generated by Drs. Alford Karayusuf, Anthony Tabor, and Charles Chmielewski. The Appeals Council observed that these experts had diagnosed Hall's condition as stemming from a dysthymic disorder and depression rather than from a somatoform disorder.[3] The Appeals Council determined that the psychological and psychiatric reports, coupled with the ALJ's findings on Hall's capabilities under the §§ 12.04(B) & 12.07(B) criteria, held greater credibility than Hall's complaints of disabling pain.

We conclude that there is substantial evidence on the record as a whole to support the Secretary's finding that Hall was not disabled by virtue of a somatoform disorder.

**B. Capacity to Perform Light Work**

■ The Secretary's regulations require the ALJ to consider a claimant's residual functional capacity and whether he can still perform the type of employment he has performed in the past. 20 C.F.R. § 404.1520(e).

To have the residual functional capacity to perform "[l]ight work," an individual must be able to frequently lift and carry objects weighing up to ten pounds and be able to occasionally lift objects weighing up to twenty pounds. *Id.* at § 404.1567(b). Hall testified that he was unable to lift twenty pounds and uncertain of whether he could lift ten pounds. Reports made out by three physicians who examined Hall, however, were somewhat more encouraging.

---

**2.** ALJ Frisch misinterpreted the regulations regarding "Somatoform Disorders" to require symptomology to commence prior to age 30. In fact, this is a requirement only for a somatoform disorder stemming from multiple physical symptoms that are over several years duration. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07(A)(1) (1987). There is no such requirement, however, with regard to disorders involving persistent nonorganic disturbances, *id.* at § 12.07(A)(2), or

the unrealistic interpretation of physical symptoms. *Id.* at § 12.07(A)(3).

**3.** The Secretary defines "Somatoform Disorders" as "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07.

Dr. R. Lawrence Thienes examined Hall on October 27, 1983, and observed normal flexion of the spine and normal neurological findings. He stated that most of Hall's "symptoms appear to be psychophysiological, musculoskeletal in etiology and could be remedied by having a job." During the period between February 5 and March 14, 1984, Dr. J.H. Wallestad examined Hall three times and advised that he "seek employment which would not require heavy lifting or repetitive bending, stooping or twisting-type activities to his back." Finally, Dr. R.E. Heeter who examined Hall in early 1986 concluded that he was capable of doing light work and should not be considered totally disabled because of his back.

The reports by these three examining physicians stating that Hall should seek employment and the psychological and psychiatric reports concluding that Hall's difficulty with pain is related to depression rather than a somatoform disorder provide substantial evidence that contradicts Hall's testimony that the pain he experienced prevents him from performing light work. In viewing the record as a whole, there is substantial evidence supporting the ALJ's determination that Hall is capable of performing light work.

The ALJ's conclusion that Hall can perform light work, coupled with the facts that he is a "younger individual" and has some ability to communicate in English, led to the finding that Hall is not disabled under the Secretary's guidelines. 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2, rule 202.17. The ALJ, however, also found that Hall is no longer capable of performing relevant past employment. The consequence of this finding is that the burden shifts to the Secretary to prove that other work is available which claimant is able to perform. *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984).

To assess Hall's remaining vocational capacity, the ALJ retained a vocational expert, Julie Harren, to testify at the hearing. The ALJ posed a hypothetical to Harren which required her to suggest available employment for an individual with Hall's mental limitations and physical ailments. Harren stated that an individual sharing Hall's mental and physical characteristics—including his problems with depression and some preoccupation with his physical health—could attain employment as a ticket taker at a theater, a security guard who checks identification, a car wash attendant, an assembler, and a packager or products inspector on an assembly line.[4] Hall claims that the ALJ's hypothetical assumed facts that were not supported by the record. However, in light of the fact that there is substantial evidence in the record as a whole to support the ALJ's findings that Hall does not suffer from a somatoform disorder and that Hall is able to perform light work, the ALJ's hypothetical was not deficient. *Ward v. Heckler,* 786 F.2d 844, 848 (8th Cir.1986). Harren's testimony adequately demonstrates the existence of employment that Hall is capable of performing and the Secretary has sustained his burden in this matter.

Accordingly, the order of the district court is affirmed.

---

**4.** The court notes that on cross-examination Harren admitted that these jobs would not be available to an individual whose preoccupation with pain resulted in the inability to concentrate altogether. The ALJ disregarded this particular hypothetical due to his finding that Hall was not preoccupied with his pain to the point where he could not concentrate on work tasks. In fact, the medical evidence discussed by the ALJ supports his finding that Hall's pain is due to depression, and that employment would actually lead to diminished pain through the reduction of Hall's depression.