**Leon BURNS, Appellant,**

v.

**Louis W. SULLIVAN,\* Secretary of Health and Human Services, Appellee.**

**No. 89–1465.**

United States Court of Appeals, Eighth Circuit.

Submitted July 17, 1989.

Decided Sept. 29, 1989.

Publication Ordered Oct. 26, 1989.

Denver L. Thornton, El Dorado, Ark., for appellant.

Joseph B. Liken, Dept. of HHS, Dallas, Tex., and Larry R. McCord, Asst. U.S. Atty., Ft. Smith, Ark., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

PER CURIAM.

Leon Burns appeals from a judgment of the district court affirming the Secretary of Health and Human Services' (Secretary) denial of his claim for social security disability benefits.

Burns is thirty-nine years old, with a high school education and past work experience as a laborer and a chemical plant worker. Burns' claim for disability benefits stems from a November, 1985 work-related accident in which he fell from a catwalk after inhaling chemical fumes. Burns was treated by his doctor and returned to work. In April, 1986, Burns returned to his doctor, complaining of increasing back pain. A diagnosis of lumbar strain was made, but no abnormal findings were noted. Between May and July, 1986, Burns

---

\* Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services in March 1989. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), his name should be substituted as appellee in this case.

saw two orthopedic surgeons, a neurologist, and a neurosurgeon. None of these doctors found objective abnormalities in Burns' spine that would explain the pain, and at least three of the doctors released Burns to return to work. Psychological testing identified "situational depression" and anxiety, but no link was made to Burns' complaints of pain. The mental disorder evaluation completed for the Social Security Administration diagnosed adjustment disorder, but noted that Burns described his condition as he honestly perceived it.

Burns left his job in July, 1986, due to the pain. At the ALJ hearing, Burns testified the pain is continual, that he is unable to sit or stand for any extended period of time, that he experiences difficulty sleeping, and pain when driving or walking. Burns testified he is unable to do any work around the house; his wife also testified he could not perform heavy tasks. A former co-worker of Burns' testified Burns was more active prior to his accident. The ALJ concluded Burns did have a severe impairment, but that he retained the residual functional capacity to perform his past relevant work. Burns' complaints of pain were considered, but rejected as inconsistent with the objective medical findings. On appeal, the Appeals Council and the district court affirmed.

Burns challenges the ALJ's ruling, claiming the psychological nature of his pain was not considered and that his complaints of pain were not properly reviewed under the standards of *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). In particular, Burns claims he meets the definition of a somatoform disorder, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07 (1987): "Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." We must uphold the ALJ's denial of benefits if it is supported by substantial evidence on the record as a whole. *MacDonald v. Bowen*, 850 F.2d 455, 456 (8th Cir.1988).

■ The medical and psychological evidence before the ALJ does not support a finding of somatoform disorder. The psychological evaluations diagnosed situational depression, or anxiety, but these diagnoses do not fall within the definition of somatoform disorder. *See Parsons v. Heckler*, 739 F.2d 1334, 1337 n. 10 (8th Cir.1984) (somatoform disorder does not necessarily focus on pain as the primary complaint); *Brown v. Bowen*, 864 F.2d 336, 339 (5th Cir.1988) (where psychologist did not diagnose somatoform disorder, but diagnosed other psychological problems, ALJ finding of not disabled supported by record). In addition, evidence of Burns' daily activities and social functioning do not meet the "marked" restriction or difficulties required by section 12.07. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07B(1)–(4). Burns testified to visiting at friends' houses, driving to the store when necessary, and doing daily stretching or walking exercises. While Burns testified to discomfort throughout the day, these activities do not show a marked restriction. Burns discontinued his pain medications due to the side effects, but these problems were not documented in the extensive medical record; in his application for benefits, Burns stated he had no side effects from his medication. Psychological testing did not demonstrate deficiencies in concentration or deterioration in work settings, and none of the doctors examining Burns placed any limitations on him. Thus, the record as a whole does not support a finding of somatoform disorder.

■ Burns also claims the ALJ failed to properly analyze his claim under *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984), *vacated* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). Under *Polaski*, objective medical evidence is just one factor to consider in evaluating claims of disabling pain; subjective complaints of pain must also be considered by evaluating the evidence relative to five factors assessing the impact of the pain on functioning. *Id.* at 948. While it is preferable that the *Polaski* factors be individually reviewed by the ALJ, it is clear from the ALJ's evaluation of the evidence

in this case that each factor was considered. The ALJ considered both the objective medical reports and the subjective testimony of Burns, his wife, and a former co-worker. Inconsistencies were noted by the ALJ, and the record supports those inconsistencies. Where the evidence as a whole demonstrates inconsistencies, subjective complaints of pain may be discounted. *Id.* The physical and psychological medical reports releasing Burns to work, and lacking corroboration of Burns' complaints, undermined Burns' subjective complaints of disabling pain. *See Sobania v. Secretary of Health and Human Services,* 879 F.2d 441 (8th Cir.1989); *Hall v. Bowen,* 857 F.2d 1210, 1212 (8th Cir.1988).

We conclude there is substantial evidence on the record as a whole to support the ALJ's determination that Burns is not disabled and that he retains the residual functional capacity to perform his past relevant work, and therefore affirm the judgment of the district court.