**Ruby HENDERSON, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 90–2522WA.**

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1991.

Decided April 12, 1991.

Denver L. Thornton, El Dorado, Ark., for appellant.

Rodney Johnson, Dallas, Tex., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and RE,* Chief Judge.

ARNOLD, Circuit Judge.

Ruby Henderson appeals from the District Court's[1] order affirming the denial of her application for disability insurance benefits. We affirm.

Ms. Henderson applied for disability benefits on February 2, 1987. Her application was denied, and she requested a hearing before an administrative law judge (ALJ). The ALJ found Ms. Henderson did not suffer from a severe impairment and denied her claim. The Appeals Council affirmed the ALJ's decision, but the District Court remanded for further consideration of Ms. Henderson's subjective complaints of pain. The ALJ then held a second evidentiary hearing.

The claimant's testimony at the two hearings revealed that she injured her back while working as a nurse's aide on September 5, 1986. The injury caused pain in her lower back, legs, neck, and head, and numbness on her right side. She testified that because of the injury, she could not walk or stand for extended periods, or bend and lift heavy objects. Ms. Henderson also testified that she suffered from constant depression. She took prescription medication for her physical pain and her nerves. Claimant also presented testimony from four lay witnesses, who generally corroborated her statements regarding her limited physical activities.

The medical evidence established that Ms. Henderson strained her lower back at work. Her treating physicians, however, found no physical disability and were unable to explain why her back pain persisted. Concerning her psychological condition, Darryl Johnson, M.S., a psychological examiner at the South Arkansas Regional Health Center, diagnosed Ms. Henderson with "dysthymic disorder."[2] Johnson had treated her on numerous occasions since 1978. He noted that her condition improved substantially when she took her medication, encouraged her to increase her activities, and determined no additional treatment was necessary. Ms. Henderson returned to the Center on two subsequent occasions and obtained additional medication.

The ALJ found that the claimant did not have a severe impairment, because her problems did not significantly limit her ability to perform basic work-related activities. After considering the factors set forth in *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), the ALJ concluded that Ms. Henderson's subjective complaints of disabling pain were not credible. Ms. Henderson appealed the ALJ's decision and submitted additional psychological evidence in support of her claim.[3] The Appeals Council considered the additional evidence and found that it did not provide a basis for changing the ALJ's conclusions. The District Court agreed, and this appeal followed.

On appeal, Ms. Henderson argues that the ALJ's finding that she did not suffer from a severe impairment is not supported by substantial evidence; therefore, the ALJ erred by terminating the five-step sequential evaluation process at step two. Our standard of review is clear. "We must uphold the ... denial of benefits if it is supported by substantial evidence on the record as a whole." *Burns v. Sullivan,* 888 F.2d 1218, 1219 (8th Cir.1989) (per curiam).

---

* The Hon. Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

1. The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

2. The "essential feature" of dysthymia "is a chronic disturbance of mood involving depressed mood." *Diagnostic and Statistical Manual of Mental Disorders* 230 (3d ed. rev. 1987) (DSM–III–R). The impairment of social and occupational functioning as a result of the disorder is usually mild or moderate. *Id.* at 231.

3. The new evidence was a letter from Dr. Cagle Harrendorf, a specialist in psychosomatic medicine, which stated Henderson suffered from "conversion of affect syndrome." This is a loss of physical functioning that suggests a physical disorder but is actually an expression of psychological conflict. DSM–III–R at 393. Harrendorf thought that Henderson would benefit most from inpatient psychological treatment.

The record reveals substantial support for the ALJ's findings. The medical evidence established that Ms. Henderson had no significant physical disability. Similarly, Ms. Henderson's psychological examiner, Darryl Johnson, reported that she did not suffer from a disabling mental illness. After carefully considering the factors set forth in *Polaski*, the ALJ rejected Ms. Henderson's subjective complaints of pain because they were inconsistent with the other evidence. See *Burns*, 888 F.2d at 1220 (subjective complaints may be discounted where inconsistent with the whole record).

The claimant contends that Dr. Harrendorf's opinion supports a finding of severe psychological impairment. We disagree. "[T]he report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the claimant's treating physician." See *Lanning v. Heckler*, 777 F.2d 1316, 1318 (8th Cir.1985) (quoting *Hancock v. Secretary of Dept. of Health, Educ. and Welfare*, 603 F.2d 739, 740 (8th Cir.1979)). Dr. Harrendorf's opinion conflicts with Johnson's diagnosis. Johnson had treated Ms. Henderson for a number of years and his diagnosis is therefore entitled to greater weight. We have consistently discounted the opinions of non-treating physicians who have seen the patient only once, at the request of the Social Security Administration. There is no reason to treat differently the opinion of a non-treating physician who has seen the patient only once, at the request of the patient or her lawyer.

Finally, Ms. Henderson argues that the ALJ improperly terminated the sequential evaluation process at step two because he used the wrong standard to evaluate the severity of her impairments. The ALJ concluded that the claimant's impairments did not "significantly limit her ability to perform basic work-related activities." Ms. Henderson correctly points out that the process may be terminated at step two only

when an impairment or combination of impairments would have "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir.1989). The ALJ's opinion does not explicitly acknowledge that this is the governing standard. Our reading of the record and of the opinion in their entirety, however, convinces us that the ALJ substantially complied with the correct legal standard.

Accordingly, we affirm.