# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2839

_____

William Cossette,                              *
                                               *
            Appellant,                         *
                                               *    Appeal from the United States
      v.                                       *    District Court for the
                                               *    District of Minnesota
Kenneth S. Apfel, Commissioner of              *
Social Security,                               *        [UNPUBLISHED]
                                               *
            Appellee.                          *

_____

Submitted:   October 25, 2000

Filed:   November 24, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
        Judges.         _____

PER CURIAM.

      William Cossette appeals from the final judgment entered in the District Court
for the District of Minnesota, affirming the Commissioner's decision to deny his
application for disability insurance benefits.  For reversal, Cossette argues the denial
of benefits is not supported by substantial evidence because the administrative law
judge (ALJ) erred in:  (1) discrediting his subjective complaints of disabling pain;
(2) rejecting the testimony and reports of three medical experts--treating physician
James Blackman, testifying medical expert Dr. Paul Reitman, and psychologist Kent

Newman; (3) not completing a psychiatric review technique form (PRTF); and (4) crediting the testimony of the vocational expert (VE). For the reasons discussed below, we reverse and remand for an award of benefits.

Cossette alleged disability since July 1975, and he was last insured on December 31, 1979. At a hearing before the ALJ, Cossette testified that, from 1975 to 1979, he suffered from elbow and arm pain, obesity, and depression. Following the hearing, the ALJ found that Cossette's severe physical impairments of obesity and bilateral epicondylitis (tennis elbow) were not equal to listed impairments; and that, although he could not return to his past relevant work, he retained the residual functional capacity to perform the security guard, messenger, and cashier jobs identified by the VE. The ALJ discredited Cossette's complaints of disabling pain, finding them inconsistent with his substantial daily activities. Last, the ALJ concluded Cossette did not suffer from the alleged mental impairment, finding the contrary opinions of Drs. Blackman, Reitman, and Newman not probative.

We review the ALJ's findings to determine if they are supported by substantial evidence in the record as a whole, i.e., evidence that a reasonable mind would find adequate to support the conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).

As to Cossette's physical impairments and subjective complaints of disabling pain, we conclude the ALJ did not fully consider all of the factors described in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Cossette's limited daily activities-- watching television, drinking coffee with friends, and needing help to bathe, dress, and shave--were consistent with his complaints and were corroborated by three lay witnesses' statements. See Singh v. Apfel, 222 F.3d 448, 452-53 (8th Cir. 2000) (staying around house, watching television, needing help to shave, and being unable to

sit through entire movie were consistent with complaints of disabling pain).  Cossette's complaints were further supported by his seeking treatment from Drs. P.L. Boman and Blackman following elbow surgery, Dr. Blackman's prescribing cortisone shots and Valium, his consistent use of alcohol and drugs to relieve pain, and his testimony that simple tasks such as shaving and lifting a pencil aggravated his arm pain.  See Wilson v. Sullivan, 886 F.2d 172, 176-77 (8th Cir. 1989) (ALJ erred in discrediting subjective complaints where claimant sought treatment two months after surgery, daily activities were substantially restricted for man his age and as compared to what he had done prior to alleged onset date, and claimant increased alcohol consumption following surgery).

As to Cossette's mental impairment, we conclude that the ALJ erred in rejecting the testimony and reports of Drs. Blackman, Reitman, and Newman.  Although an ALJ may reject the conclusions of a medical expert if they are inconsistent with the whole record, see Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999), we find these opinions are not inconsistent with the record.  The medical diagnoses of depression, though retrospective, were corroborated by the three lay observers who stated Cossette exhibited symptoms of depression in the 1970s.  See Jones v. Chater, 65 F.3d 102, 104 (8th Cir. 1995) (retrospective medical opinions alone generally do not suffice, unless claimed onset date is corroborated by lay observers like family members).  Dr. Blackman's 1979 treatment notes, albeit scant, show Cossette visited him for "brief counseling," and Dr. Blackman noted he often treated Cossette informally outside the office.  Dr. Reitman testified that Cossette's hesitancy to see a psychiatrist was not due to malingering, that pharmacology for depression in 1975 was not advanced, and that Cossette's seeing only Dr. Blackman (his family doctor) was not atypical.  Dr. Newman's diagnoses of recurrent major depression and alcohol and polydrug abuse were made not only after listening to Cossette's description of his mental state from 1975 to 1979, but also after examining him twice and administering the Wechsler Adult Intelligence Scale-Revised.  See 20 C.F.R. § 404.1508 (2000) (mental impairment must be established by medical evidence, not only by claimant's statement of symptoms).

We further conclude that the ALJ erred by not completing a PRTF as required by 20 C.F.R. § 404.1520a (2000).  See Battles v. Shalala, 36 F.3d 43, 45-46 (8th Cir. 1994).

In view of our findings that the ALJ improperly rejected the opinions of Drs. Blackman, Reitman, and Newman, and Cossette's subjective complaints of disabling pain, we find that the hypothetical question posed to the VE did not adequately reflect Cossette's impairments.  Therefore, the VE's testimony that jobs exist for Cossette cannot constitute substantial evidence.  See Singh v. Apfel, 222 F.3d at 453.

In light of the above-noted errors, we need not--and do not--reach Cossette's remaining arguments on appeal.  The  record presented to the ALJ contains substantial evidence supporting a finding of disability: the objective medical record, Cossette's subjective complaints of disabling pain, Cossette's limited daily activities, the medical and lay opinions that Cossette suffered from depression, and the few kinds of jobs in the economy that Cossette could perform given his physical and mental impairments.  Accordingly, we reverse the judgment of the district court and instruct the court to remand to the Commissioner for an award of benefits.  See Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996) (if claimant is disabled on record, appeals court may reverse and remand for entry of order granting benefits).

PASCO M. BOWMAN, Circuit Judge, concurring specially.

I would remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.