# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3554

_____

| | | |
|---|---|---|
| David Burrow, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Larry G. Massanari, Acting | * | **[UNPUBLISHED]** |
| Commissioner of Social Security,[1] | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  May 4, 2001
Filed:  May 7, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

David Burrow appeals the district court's[2] order affirming the Commissioner's denial of his March 1997 application for supplemental security income (SSI) in which

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas.

he alleged disabling pain in his knees, hips, and feet from arthritis.[3]  After a hearing, an administrative law judge (ALJ) found that Burrow had the residual functional capacity to perform the full range of light work, and that under the Medical Vocational Guidelines (Guidelines) he was not disabled.  Having considered the record and the parties' arguments, <u>see</u> <u>Roberts v. Apfel</u>, 222 F. 3d 466, 468 (8th Cir. 2000) (standard of review), we affirm.

Burrow first argues the ALJ improperly discredited his subjective complaints and did not consider his wife's testimony.  We disagree.  The ALJ noted he had considered the factors in <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984), <u>see</u> <u>Lowe v. Apfel</u>, 226 F.3d 969, 972 (8th Cir. 2000) (ALJ need not discuss methodically each <u>Polaski</u> factor so long as factors are acknowledged and examined), and specified his reasons for discrediting Burrow, <u>see</u> <u>Singh v. Apfel</u>, 222 F.3d 448, 452 (8th Cir. 2000) (in rejecting claimant's subjective complaints, ALJ must make express credibility determination and explain reasons for findings).  The ALJ then properly relied on the same factors in discrediting the testimony of Burrow's wife.

Burrow also contends that because he had nonexertional limitations, i.e., varicose veins, obesity, mood problems, pain, and rheumatoid arthritis, the ALJ could not rely on the Guidelines.  However, Burrow did not relate his varicose veins, obesity, and mood problems to any nonexertional limitations, <u>see</u> 20 C.F.R.  § 416.969a(c) (2000) (nonexertional limitations affect non-strength demands of jobs), and the ALJ properly discounted Burrow's subjective complaints of pain from rheumatoid arthritis, <u>see</u> <u>Reynolds v. Chater</u>, 82 F.3d 254, 258-59 (8th Cir. 1996) (when claimant's complaints of pain are explicitly discredited for legally sufficient reasons, Guidelines may be used).

---

[3]In December 1994 Burrow was found not disabled based on an August 1993 SSI application alleging essentially the same date of onset and the same impairments. He did not appeal that denial.

Finally, we decline to address Burrow's remaining arguments which he raises for the first time on appeal.  See Roberts, 222 F. 3d at 470 (unless manifest injustice would result, claim not raised in district court is subject to forfeiture on appeal).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.