# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1843

———————

Michael J. Castro,     *
    *
         Appellant,     *
    *    Appeal from the United States
      v.     *    District Court for the Southern
    *    District of Iowa.
Jo Anne B. Barnhart,     *
Commissioner of     *    [UNPUBLISHED]
Social Security,     *
    *
         Appellee.     *

———————

Submitted: November 18, 2004
Filed: January 13, 2005

———————

Before SMITH, BEAM, and BENTON, Circuit Judges.

———————

PER CURIAM.

Michael J. Castro appeals the district court's[1] denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. He argues that the Administrative Law Judge failed to give controlling weight to the opinions of a physical therapist and a treating physician, and improperly discounted his own

———————

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

testimony. Jurisdiction being proper under 28 U.S.C. § 1291, the district court is affirmed.

Castro had back surgery in December 2000, for a workplace injury. He did not complain of pain until Disability Determination Services referred him to James Putnam, M.D., for a consultative examination in April 2002. Since the surgery, Castro had not seen a doctor or taken medication for back pain; he stated he relied on ice and aspirin. Dr. Putnam found Castro's back problems "largely subjective." Castro had a normal gait, the ability to walk tandem, and normal fine and gross movements in his extremities. He also had normal range of motion and could perform straight-leg raises to 60 degrees without difficulty. Dr. Putnam reported Castro had some discomfort but no spasms, spasticity, or atrophy.

Ten months after Dr. Putnam's examination, Loren Arp, a physical therapist, evaluated Castro for "physical capacity" for one hour. Arp stated Castro should not bend, stop, squat, or climb stairs, and could sit for 20 minutes at a time and stand for 10 minutes at a time. Arp believed Castro's pain interfered with his ability to concentrate, due to tenderness, crepitus, muscle spasms, and severe muscle weakness. Arp concluded Castro was limited to less than sedentary work.

At the administrative hearing, Castro presented a letter by Dr. Ridenour, his treating doctor, stating that Castro cooperated with Arp "and this indicates validity of the results." The letter references the physical capacity evaluation, but Dr. Ridenour did not perform his own examination. He merely adopted Arp's recommendation of "less than sedentary" work.

After his back surgery, but before Dr. Putnam's examination, Castro suffered a fracture and laceration of the left-upper eye lid. Treating the injury, the emergency-room doctor noted Castro's limbs were developed, with normal motor strength. During months of follow-up treatment, Castro never complained of back pain.

We uphold the Commissioner's denial of benefits if supported by substantial evidence on the whole record. *Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is evidence that a reasonable mind finds adequate to support a decision, considering both detracting and supporting evidence. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). This court may not reverse merely because some evidence supports a contrary decision. *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

Castro asserts that the ALJ failed to give controlling weight to the opinions of therapist Arp and Dr. Ridenour. A physical therapist is not an "acceptable medical source" whose opinion is entitled to substantial weight. 20 C.F.R. § § 404.1513 and 416.913. A therapist's assessment is "other medical evidence." 20 C.F.R. § 404.1513(d)(1). When assigning weight to "other medical evidence," the ALJ may consider any inconsistencies with the record. 20 C.F.R. § 416.927(d)(4).

The ALJ, here, concluded that "significant weight is not given to the opinion of the physical therapist because it is not supported by and inconsistent with the record as a whole, not because he is not a licensed physician." Arp claimed Castro had tenderness, crepitus, muscle spasms, and severe muscle weakness, yet Dr. Putnam found no signs of spasms or atrophy. Arp stated Castro could walk less than one block, but Dr. Putnam observed normal fine and gross movements and the ability to walk tandem. Castro did not complain of pain or take pain medications, other than ice and aspirin, yet Arp asserted he was in severe pain. The ALJ stated, "The lack of more potent pain medications tends to show an absence of intolerable, work-precluding pain." Substantial evidence supports the ALJ's refusal to give Arp's opinion controlling weight.

Castro also argues the ALJ erred by not affording Dr. Ridenour's opinion controlling weight. "A treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000), *see also Stormo v. Barnhart*, 377 F.3d 801, 805 (8th Cir. 2004). Dr. Ridenour's opinion merits less weight as it was inconsistent with the record as whole. *See id.* at 806 (citing *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)). The longer and more frequently a doctor has treated, the greater the weight given. 20 C.F.R. § 404.1527(d)(2)(i); *see also Shontos v. Barnhart*, 328 F.3d 418 (8th Cir. 2003). Dr. Ridenour performed the lumbar surgery two years earlier, but never saw Castro again. Dr. Ridenour simply summarized the therapist's conclusions, noting cooperation that indicates validity. Without an independent examination, or an ongoing relationship, Dr. Ridenour's reference to the therapist's opinion does not warrant controlling weight.

The ALJ, instead, afforded more weight to Dr. Putnam's opinion, which was supported by medical findings and consistent with the record as a whole. Generally, the opinion of a consulting physician does not constitute substantial evidence, but an ALJ may credit a one-time consultant and discount a treating physician's opinion in two instances: "(1) where [the one-time] medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir. 2003), s*ee generally Charles v. Barnhart,* 375 F.3d 777 (8th Cir. 2004). Dr. Putnam's medical opinion was more thoroughly supported by medical findings, as evidenced by Castro's daily activities - - reading, sketching, performing chores, going to church, visiting friends, and going to the river to tan- - and his lack of treatment and complaints of pain. Dr. Putnam noted some physical limitations (similar to those found by Arp), such as not kneeling or crawling, but found them not disabling due to normal strength, range of motions, and gait. Dr. Putnam did not find that Castro's limitations were severe, but rather, "largely subjective." As Dr. Putnam's opinions are neither vague nor conclusory, and are supported by substantial evidence, his opinion is given greater weight.

Castro argues next that the ALJ failed to evaluate his credibility in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *Polaski* requires an ALJ to consider the claimant's daily activities; the duration, frequency and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. *Id.* at 1322. Castro claims the ALJ overemphasized the significance of his daily activities. He quotes *Baumgarten v. Chater*: "the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." 75 F.3d 366 (8th Cir. 1992). While this is accurate, an ALJ may also determine that subjective pain complaints are not credible in light of objective medical evidence to the contrary. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002). Acts inconsistent with an alleged disability reflect negatively on credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

Here, Castro testified he had weakness, constant pain, and muscle spasms interfering with his ability to concentrate. The contrary medical evidence indicates normal motor strength, normal gait, normal range of motions, and capacity to do straight leg raises without much difficulty. The ALJ also found that Castro's daily activities, particularly reading and sketching, require some level of attention and concentration, and were inconsistent with his alleged disability, diminishing his credibility. Moreover, Castro never complained of severe pain or sought a prescription for relief of muscle spasms or atrophy (testifying in passing that he could not afford any type of medications). In fact, he did not vocalize his pain until DDS referred him to Dr. Putnam. Allegations of disabling pain are discredited where the claimant has received minimum medical treatment, or only occasional pain medications. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998). Finally, the ALJ stated no precipitating event caused a worsening condition. The ALJ noted some limitations, but discounted the severity of pain in light of Castro's daily activities, his physical capacity, an absence of pain medications and complaints, and lack of factors

aggravating his back. Substantial evidence supports the ALJ's conclusion that Castro's testimony is inconsistent with the medical evidence.

We affirm the judgment of the district court.

SMITH, Circuit Judge, dissenting.

I cannot agree that the Commissioner's denial of benefits is supported by substantial evidence on the record as a whole and must respectfully dissent. In my opinion, the Administrative Law Judge (ALJ) improperly failed to give controlling weight to Castro's treating physician, a neurosurgeon. Instead, the ALJ gave controlling weight to a consulting physician, Dr. Putnam, who examined Castro only once.

"The [social security] regulations provide that a treating physician's opinion . . . will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" *Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001) (quoting 20 C.F.R. § 404.1527(d)(2)). Nonetheless, an ALJ may discount the opinion of a treating physician if another opinion is supported by *superior* medical evidence. *Id.* Nothing in this record is inconsistent with Dr. Ridenour's assessment of Castro. While the opinion of a physical therapist is not an "acceptable medical source" afforded substantial weight, 20 C.F.R. §§ 404.1513, it is properly considered "other medical evidence." 20 C.F.R. § 404.1513(d)(1). As such, Dr. Ridenour's assessment of Castro is supported by "medically acceptable clinical and laboratory diagnostic techniques."

The majority holds that Dr. Ridenour's assessment lacks authority because he did not have an ongoing relationship with Castro and did not perform an RFC examination independent of therapist Arp. "The Secretary is encouraged to 'give more

weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.'" *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir. 1995) (quoting 20 C.F.R. § 416.927(d)(5)). Dr. Ridenour, who performed back surgery on Castro, was intimately aware of Castro's physical restrictions. The majority fails to recognize that while a neurosurgeon may not be equipped to actually perform an RFC examination, he or she is wholly capable of evaluating the results of a medically acceptable test based on intimate personal knowledge of the patient. Courts are not in the business of telling physicians how to make evaluations if the evaluations are supported by medical evidence.

The majority agrees that Arp's assessment of Castro is inconsistent with the record as a whole, and that Dr. Putnam's assessment is consistent with the record as a whole. A comparison of Arp's assessment and Dr. Putnam's assessment reveals that they are substantially similar. Both agreed that Castro has severe medical problems and limited range of movement. Specifically, both found that Castro was limited to about 30 out of a possible 90 degrees of lumbar flexion, and about 20 out of a possible 30 degrees of lateral flexion; he was limited to about 60 degrees in straight leg raises; and limited in general physical activities. The only difference is that Dr. Putnam's evaluation opined that Castro's physical limitations (kneeling, stooping, twisting, bending, sitting, standing, lifting, etc.) were not as pronounced. As such, Arp's evaluation of Castro is as consistent, or inconsistent, with the record as Dr. Putnam's evaluation.

Here, the ALJ credited Dr. Putnam, a one time consulting physician, over Dr. Ridenour, a treating neurosurgeon with specialized knowledge in the area of backs. "The opinion of a consulting physician who examines the claimant once . . . does not generally constitute substantial evidence." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (quoting *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir.2000)). Dr. Ridenour's opinion is based on objective measurements substantially similar to those supporting Dr. Putnam's opinion. Dr. Putnam's opinion simply is not supported by superior

medical evidence. Under these circumstances, the opinion of the specialized treating physician should be given controlling weight.

_____