# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2519

———————

Edward DuBois,             *
                              *

          Appellant,     *

                              *    Appeal from the United States

   v.                     *    District Court for the

                              *    District of North Dakota.

Jo Anne B. Barnhart,      *

Commissioner of Social Security  *    [UNPUBLISHED]

                              *

          Appellee.      *

———————

Submitted: February 17, 2005
Filed: June 14, 2005

———————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

———————

PER CURIAM.

Edward DuBois appeals an order of the district court[1] affirming the
Commissioner of Social Security's decision to deny his application for disability
insurance benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 416(i),
423. After a hearing, an administrative law judge (ALJ) denied benefits to
Mr. DuBois, and, when the Appeals Council denied review, the ALJ's decision

———

[1] The Honorable Daniel L. Hovland, Chief Judge, United States District Court
for the District of North Dakota.

became the final decision of the Commissioner. Mr. DuBois argues that the ALJ erred by not properly evaluating his credibility regarding his claim that he suffers from, *inter alia*, post-traumatic stress disorder stemming from his experiences in Vietnam, and he asserts that the record requires a finding that he is disabled. He also maintains that the ALJ failed to give due weight to a Veterans Administration (VA) determination that he is one-hundred percent disabled. In short, Mr. DuBois asserts that the Commissioner's decision is not supported by substantial evidence. *See* 42 U.S.C. § 405(g). We affirm.

"Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Provided that substantial evidence supports the Commissioner's decision, this court may not reverse even if the record also provides substantial evidence to support a contrary outcome. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

We conclude that substantial evidence supports the Commissioner's decision. When evaluating Mr. DuBois's subjective complaints, the ALJ properly considered the totality of the evidence, *see Burns v. Sullivan,* 888 F.2d 1218, 1219-20 (8th Cir. 1989) (per curiam), including the considerations set out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Because much of the evidence in the record militated against taking his complaints at face value, the ALJ discounted Mr. DuBois's credibility. During his hearing, Mr. DuBois repeatedly stated that he did not intend to return to work because his VA benefits would end if he did. For this reason, the ALJ concluded that "[s]econdary gain is a theme throughout this record." *Cf. Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004); *Gaddis v. Chater*, 76 F.3d 893, 896 (8th Cir. 1996). Moreover, although Mr. DuBois claims that his disability began in September of 1996, he successfully pursued a sales and marketing degree from the fall of 1997 until he graduated in the spring of 2001. (We note that

Mr. DuBois was insured for disability benefits through December 31, 2001, and therefore he must establish his disability by that date.) The ALJ also evaluated Mr. DuBois's daily, social, and recreational activities and found them inconsistent with the type and severity of symptoms that Mr. DuBois described. The ALJ considered but ultimately rejected Mr. DuBois's subjective complaints, and we will not disturb this decision when, as here, the ALJ's conclusion is supported by substantial evidence in the record as a whole. *See Haggard v. Apfel*, 175 F.3d 591, 594-95 (8th Cir. 1999).

Mr. DuBois also argues that the ALJ failed to give due weight to a determination by the VA that he is one-hundred percent disabled. But a disability decision by the VA is based on its rules and not those of the Social Security Administration. *See* 20 C.F.R. § 404.1504. Therefore, a determination by the VA that Mr. DuBois is disabled was not binding on the ALJ. *Id.* Although not binding, a "VA finding [is] important enough to deserve explicit attention" and must be considered by the ALJ. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). The ALJ's actions in the instant case are consistent with this admonition. The ALJ, moreover, evaluated the conflicting medical and lay opinions regarding Mr. DuBois's ability to work differently from the way the VA did, as was the ALJ's prerogative.

Accordingly, we affirm the judgment of the district court.

_____