# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3882

_____

Michael R. Dewey,

    Plaintiff/Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

    Defendant/Appellee.

\* * * * * * * * * * *

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: May 18, 2007
Filed: December 4, 2007

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Michael R. Dewey appeals from the district court's entry of judgment against him in his claim for disability insurance benefits under Title II of the Social Security Act and his claim for supplemental security income benefits under Title XVI of the Act. Because the administrative decision in this case reveals that the Administrative Law Judge erroneously relied on the opinion of a person with no medical credentials as a medical consultant, we must remand to the agency for rehearing. See 42 U.S.C. § 405(g).

Dewey applied for disability insurance and supplemental security benefits because he suffers from back problems and Hepatitis C. The ALJ deciding his case denied benefits because he found that Dewey could perform light work, which with his age, education, and work history, meant that he was not disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.21.[1] In reaching the determination that Dewey could perform light work, the ALJ explicitly credited a "Physical Residual Functional Capacity Assessment," authored by "Nancy Muser, Senior Counselor." As the Commissioner concedes, Ms. Muser was not a physician. Nor does the Commissioner contend that Muser has any other medical credentials that would qualify her to act as a medical consultant under 20 C.F.R. § 404.1616(b). However, the ALJ's opinion shows that the ALJ labored under the belief that the Physical Residual Functional Capacity Assessment had been authored by a physician:

> In reaching this conclusion [that Dewey's testimony regarding the severity and functional consequences of his symptoms was not fully credible], substantial weight is being given to the opinions of the Disability Determination Service physicians as supported by and consistent with the evidence of the entire record (Social Security Ruling 96-6p). They determined that the claimant retains the ability to perform work at the light exertional level with some postural limitations. The undersigned agrees.

Dewey explains that this misapprehension was in all likelihood caused by the Missouri state agency's use of an outdated form that called for a medical consultant's signature, despite the state's use of modified, experimental procedures that do not require a medical consultant to sign the disability determination forms. See 42 C.F.R. § 404.906(a) (announcing modification to disability determination process) & §

---

[1]The reader consulting the table referenced above, Rule 202.21, may be confused to find the word "Do." instead of "Not disabled." "Do." is an abbreviation for "ditto." U.S. Gov't Printing Office, <u>Style Manual</u> 159 (2000).

404.906(b)(2) (under experimental procedure, medical consultant not required to sign disability determination forms). The ALJ simultaneously credited the Disability Determination Service "physicians" and refused to give controlling weight to Dewey's treating physician, Dr. Beyer, who opined that Dewey could lift less than ten pounds and walk or stand for at least two hours a day.

The Appeals Council denied Dewey's request for review. Dewey brought an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision. The district court entered judgment against him.

We review de novo the district court's grant of judgment against Dewey. O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003). We review the ALJ's findings of fact to determine whether they are supported by substantial evidence on the record as a whole, 42 U.S.C. § 405(g), but we review de novo whether the ALJ based his decision on a legal error. Miles v. Barnhart, 374 F.3d 694, 698 (8th Cir. 2004); Keller v. Shalala, 26 F.3d 856, 858 (8th Cir. 1994).

There is certainly no substantial evidence that the Residual Functional Capacity Assessment in the record was the opinion of a physician. The Commissioner's brief admits, "In his decision, the ALJ did factually mischaracterize Ms. Muser's assessment as having been performed by a physician." The record contains a report from a medical consultant, but the consultant did not opine that Dewey could perform "at the light exertional level with some postural limitations," as the ALJ reported the state agency's "physicians" had said. Instead, this language appears to have been drawn from the Residual Functional Capacity Assessment. In the context of discussing the Residual Functional Capacity Assessment, the ALJ cited Social Security Ruling 96-6p, which requires ALJs to accord a certain weight to the opinions of state agency medical consultants; this inapposite citation indicates that the ALJ inadvertently weighed the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant, which would be a legal error in applying the ruling.

-3-

The Commissioner argues that the error was harmless, but in light of the presence in the record of a more restrictive opinion from Dewey's treating physician, we cannot say that the ALJ would inevitably have reached the same result if he had understood that the Residual Functional Capacity Assessment had not been completed by a physician or other qualified medical consultant.

We remand for rehearing.

_____