# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3270
_____

Jennifer Porter

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 22, 2023
Filed: May 25, 2023
[Unpublished]
_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jennifer Porter appeals the district court's[1] order affirming the denial of disability insurance and supplemental security income benefits. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Swarthout v. Kijakazi, 35 F.4th 608, 610 (8th Cir. 2022) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly declined to address the state Medicaid report. See 20 C.F.R. §§ 404.1520b(c), 416.920b(c) (adjudicator will not provide any analysis about how decisions by other governmental agencies are considered). While the ALJ erred in considering the statement of Porter's husband "inherently neither valuable nor persuasive," this error was harmless. See Buckner v. Astrue, 646 F.3d 549, 559-60 (8th Cir. 2011) (ALJ's failure to explicitly address statement of claimant's girlfriend did not require remand, as same evidence that ALJ relied on in discrediting claimant's allegations also discredited hers); Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007) (error is harmless when it would not affect ALJ's decision).

We find no reversible error in the ALJ's failure to include chronic pain syndrome among Porter's severe impairments, as this condition was closely related to the spinal and mental impairments the ALJ found severe. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) (critical question in disability claim is not diagnosis, but functional limitations imposed by impairment). Further, the ALJ properly evaluated Porter's subjective complaints. See Bryant v. Colvin, 861 F.3d 779, 782-83 (8th Cir. 2017) (ALJ appropriately assessed claimant's subjective complaints by considering his previous ability to work despite allegedly disabling condition, his daily activities, and lack of medical evidence supporting his alleged conditions); Masterson v. Barnhart, 363 F.3d 731, 739 (8th Cir. 2004) (ALJ properly

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

discredited claimant's pain complaints, in part by noting that objective tests showed only mild to moderate abnormalities and that her reported activities were inconsistent with extreme pain complaints).

Finally, we find no merit to Porter's argument that the ALJ was required to defer to her treating physician's opinion in accordance with this court's prior precedent regarding the treating-source rule, despite the intervening rule change that abrogated such deference.  See Austin v. Kijakazi, 52 F.4th 723, 730 (8th Cir. 2022) (under revised regulations, treating physician rule no longer applies, rendering prior precedent applying that rule inapposite).

The judgment is affirmed.

_____