# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1239

_____

Robert Crawford

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of the Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 23, 2015
Filed: December 7, 2015

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge

Robert Crawford appeals the district court's[1] order affirming the decision of the Commissioner of the Social Security Administration denying Crawford's application for supplemental security income. Crawford applied for benefits on August 16, 2007,

_____

[1]The Honorable Terry I. Adelman, United States District Judge for the Eastern District of Missouri.

claiming his disability began on January 1, 2004. The Commissioner denied the application, and Crawford appealed to an administrative law judge (ALJ). The ALJ found Crawford was not disabled under the Social Security Act. The Appeals Council denied review, and Crawford appealed to the district court. The district court then reversed and remanded for lack of substantial evidence on the record concerning Crawford's ability to perform his past relevant work. Upon remand, the ALJ found that Crawford was not disabled because he could perform sedentary work. The Appeals Council again denied review, making the ALJ's decision the final decision of the Commissioner. On appeal to the district court, the court affirmed the ALJ's decision. Crawford now appeals, and we affirm because the decision is supported by substantial evidence on the record.

## I.    BACKGROUND

Crawford was born on September 16, 1969. In his application, Crawford alleges that the following conditions prevent him from working: swelling in his legs, shortness of breath, low heart rate, sleep apnea, Chronic Obstructive Pulmonary Disease (COPD), congestive heart failure, depression, and morbid obesity. He has a high school education and some semi-skilled past relevant work experience. His work history is sporadic, and his highest income for a single year is $6,869. He smokes between one-and-a-half and two packs of cigarettes a day, drinks two six-packs of beer on a daily basis when he has the money, and has had issues with cocaine addiction. He requires the use of home services but is able to prepare simple meals, sweep, and mop. Occasionally he walks to get around, and his hobbies include reading and completing crossword puzzles. Crawford also states that his conditions affect his ability to lift, squat, bend, stand, and walk, such that he can only lift between ten and fifteen pounds and can only walk fifty feet before needing to rest and elevate his legs. He is currently taking a number of medications.

Contrary to Crawford's claims, a third-party observation by the Social Security Administration showed he had no problems reading, breathing, understanding, concentrating, talking, or answering during his interview. As for credibility, according to the ALJ, "the relevant medical records show[ed] that the claimant's overall treatment history and the objective medical evidence fail[ed] to fully support the claimant's allegations about the severity of his limitations." Medical records from 2007 through 2012 consistently revealed that Crawford had a normal gait, a normal range of motion, an intact memory, no sensory deficiency, no irregular swelling in his legs, and mostly clear lungs. He also denied psychiatric problems in several medical records. Because of the inconsistencies between Crawford's testimony and the objective medical records, the ALJ determined Crawford was "not credible in his allegations about the severity of his work-related limitations."

Following the five-step sequential evaluation process used by the Social Security Administration to determine disabilities of adults, the ALJ held that Crawford was not involved in substantial gainful activity; had a severe medically determinable physical impairment; had no disabling impairment; and had a Residual Functional Capacity (RFC) limited to sedentary work. See 20 C.F.R. § 416.920(a)-(e). More specifically, the ALJ described Crawford's RFC as follows:

> The claimant has the maximum [RFC] to lift and carry 10 pounds occasionally and less than 10 pounds frequently. Total in an eight-hour day, he can stand and walk for no more than two hours, and he can sit for six hours. He must avoid concentrated exposure to respiratory irritants.

At the fourth step of the analysis, the ALJ found that Crawford could not participate in his past relevant work. At the fifth step, the ALJ noted that because Crawford's "non-exertional limitations do not significantly erode the sedentary occupational base, there are jobs that exist in the national economy that the claimant can perform when

his vocational factors and [RFC] are considered." Thus, based on the Medical-Vocational Guidelines, the ALJ found Crawford was not disabled.

On appeal, Crawford argues (1) that the ALJ wrongfully rejected the opinion of Crawford's treating nurse practitioner, Patrick Drummond, and (2) that the ALJ erred at step five by using the Medical-Vocational Guidelines to find him not disabled.

## II.    DISCUSSION

We review the district court's determination to grant or deny Social Security benefits de novo. Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011). We must "'affirm the ALJ's finding if supported by substantial evidence on the record as a whole.'" Id. (quoting Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009)). All evidence, including "'evidence that both supports and detracts from the ALJ's decision,'" must be considered. Id. (quoting Medhaug, 578 F.3d at 813). Substantial evidence exists when there is enough evidence in the record "'that a reasonable mind might accept it as adequate to support a decision.'" Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quoting Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007)). This is a lower standard than a preponderance of the evidence. Id. Moreover, great deference is given to the ALJ's decision. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010). Thus, if the record shows two positions that are plausible and can be supported by substantial evidence, we must follow the ALJ's position and affirm its decision. Perkins, 648 F.3d at 897.

### A.    Crawford's Nurse Practitioner

Patrick Drummond, a nurse practitioner, treated Crawford in January of 2010 and concluded that Crawford had the maximum capacity to lift less than ten pounds frequently, could stand or walk for a total of two hours in a normal workday, and

could sit for a total of eight hours during a normal workday. Drummond also opined that Crawford could never climb, balance, stoop, kneel, crouch, bend, or reach, but he could occasionally handle, finger, feel, see, hear, and speak. Crawford claims that the ALJ wrongly rejected Drummond's opinion. We disagree.

First, to establish a disability or impairment, the Social Security Administration requires "evidence from acceptable medical sources." 20 C.F.R. § 416.913(a). Such acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. Id. "In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, [the Commissioner] *may* also use evidence from other sources . . . ." Id. § 416.913(d) (emphasis added). Other sources include nurse practitioners, physicians' assistants, chiropractors, educational personnel, and social welfare agency personnel, among others. Id. Thus, Drummond, as a nurse practitioner, was not an acceptable medical source. Id. § 416.913(a). As such, the ALJ had the option, within his discretion, to consider Drummond's opinion *so long as* it was not wholly inconsistent with other opinions from Crawford's treating physicians. This nuance, discussed below, highlights the major problem with Drummond's opinion and is the primary reason the ALJ correctly gave less weight to his medical opinion.

Second, the ALJ did not err by failing to rely on Drummond's medical opinion because of the great weight of evidence to the contrary. "An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000)). If an ALJ may discount a treating physician's opinion for inconsistencies, an ALJ may certainly discredit a nurse practitioner's inconsistent opinion. Drummond's opinion stated that Crawford was

unable to lift or carry ten pounds but could walk or stand for up to two hours per day and sit for up to eight hours a day. This assessment directly conflicts with statements made by Crawford on the record. Crawford stated on numerous occasions, including on his Social Security Administration Function Report, that he could carry between ten and fifteen pounds. Medical evidence on the record also discredits Drummond's allegation that Crawford could never reach, climb, balance, or stoop. Crawford attested to his ability to reach in his function report and by admitting he can perform normal activities associated with daily living. Specifically, the evidence shows that Crawford can dress himself and is mobile enough to do some chores around the house such as cook simple meals, sweep, and mop. Moreover, most of the medical records from licensed physicians unambiguously state that Crawford has a normal gait and can balance enough to stand and walk without assistance. For example, in 2007, Dr. Gholson, one of Crawford's treating physicians, explicitly stated that the claimant did not have a disability that prevented him from engaging in gainful activity.

Finally, the ALJ considered the parts of Drummond's opinion that were consistent with other medical opinions. The ALJ found that Crawford had a maximum RFC to stand or walk for no more than two hours and sit for six hours. These findings come directly from Drummond's January 2010 evaluation. Drummond's analysis on the other issues, however, was appropriately left out as discussed above. Therefore, the ALJ correctly considered all evidence on the record, including Drummond's opinion, and correctly gave each medical opinion the appropriate weight. The ALJ properly considered Crawford's impairments supported in the record. Thus, the ALJ did not err in rejecting the inconsistent parts of Drummond's medical opinion.

B.    Medical-Vocational Guidelines

In regards to the five-step sequential evaluation process used by the Social Security Administration to determine disabilities of adults, both Crawford and the

Commissioner agree with the ALJ that Crawford is not involved in substantial gainful activity; has a severe medically determinable physical impairment; has no disabling impairment; has an RFC limited to sedentary work; and cannot participate in his past relevant work. See 20 C.F.R. § 416.920 (a)-(f). Thus, the only issue here is whether Crawford can perform another type of work; and more specifically, whether it was appropriate for the ALJ to rely on the Medical-Vocational Guidelines in making this determination. Crawford argues that the ALJ erred in applying the Medical-Vocational Guidelines because he suffers from significant nonexertional impairments that diminish his RFC to perform the full range of activities listed in the Guidelines. According to Crawford, the ALJ should have considered a vocational expert's testimony. We disagree.

In step five of the sequential evaluation process the burden shifts to the Commissioner to show that the claimant can perform other types of work and that the particular type of work is available in the national economy. Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992). The Commissioner considers the claimant's RFC along with the claimant's "age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v). If the claimant is able to make an adjustment, he or she is not disabled under the Social Security Act. Id. The Social Security Administration uses the Medical-Vocational Guidelines to make this determination "where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. Part 404, Subpart P, App. 2.

Whether the Guidelines may be used in deciding this final step depends on whether the claimant's limitations are exertional or nonexertional. An exertional limitation "affect[s] [one's] ability to meet the strength demands of [a] job[]" such as "sitting, standing, walking, lifting, carrying, pushing, and pulling." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include anxiety, depression, difficulty

concentrating, memory deficiencies, sight and hearing impairments, difficulty tolerating dust or fumes, and "manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." See id. § 404.1569a(c)(1). If the limitations are exertional, the ALJ may rely solely on the Guidelines. Robinson, 956 F.2d at 841. If the limitations are nonexertional, however, the Guidelines can be used only if the record as a whole shows that "'the nonexertional impairment does not diminish the claimant's [RFC] to perform the full range of activities listed in the Guidelines.'" Lucy v. Chater, 113 F. 3d 905, 908 (8th Cir. 1997) (quoting Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988)). Crawford's obesity and COPD are nonexertional limitations. Thus, because Crawford's limitations are, in part, nonexertional and the ALJ relied on the Guidelines without seeking a vocational expert, the primary issue is whether there is substantial evidence on the record to show that Crawford's nonexertional limitations restrict performance such that he is unable to perform the full range of sedentary work as described in his RFC. If these limitations restrict Crawford's performance of sedentary work, the Guidelines should not have been used. The objective evidence on the record shows that Crawford's nonexertional limitations (obesity and COPD) do not restrict his ability to perform sedentary work, and thus, the ALJ correctly relied upon the Guidelines in order to find Crawford not disabled.

First, Crawford's statements regarding his disability and functional capacity are not supported by medical reports and, in fact, contradict some of the medical reports. An ALJ has a "statutory duty" to "assess the credibility of the claimant," and thus, "an ALJ may disbelieve a claimant's subjective reports of pain because of inherent inconsistencies or other circumstances." Eichelberger v. Barnhart, 390 F.3d 584, 589-90 (8th Cir. 2004). Crawford claims that the ALJ erred in relying on the Guidelines because his obesity and COPD do, in fact, limit his ability to perform even sedentary work. He claims he has problems with his legs, trouble breathing, heart issues, and other problems associated with obesity. He claims he can stand for only twenty to thirty minutes before needing to rest; cannot sit without worsening his

problems; and cannot bend, stoop, or crouch. Contrary to Crawford's testimony, however, the medical records show that Crawford is able to sit for six hours a day, stand or walk for two hours per day, and lift ten pounds. Moreover, a majority of the medical reports noted that Crawford has a normal range of motion, a normal gait, and clear lungs. The record also discloses that Crawford could walk without assistance and did not have debilitating swelling in his legs. Based on these discrepancies, the ALJ correctly found that Crawford's allegations about the severity of his disability and the resulting impact were not credible.

Second, when determining whether a person is disabled, the Commissioner "consider[s] all . . . symptoms, including pain, and the extent to which [the] symptoms can *reasonably be accepted as consistent* with the objective medical evidence, and other evidence." 20 C.F.R. § 416.929(a) (emphasis added). As shown above, the symptoms Crawford attested to are inconsistent with the objective medical evidence found on the record, and hence, need not be given great weight when considered against objective medical evidence. Eichelberger, 390 F.3d at 589. Crawford's credibility is further reduced by his previous failure to comply with medical treatment; continued tobacco and alcohol use; occasional cocaine use; and minimal work history. Thus, the ALJ correctly discredited Crawford's testimony and relied on the medical evidence on the record, which shows that Crawford's nonexertional limitations (obesity and COPD) do not restrict his ability to perform sedentary work. Although "[a]n RFC for less than a full range of sedentary work reflects very serious limitations," the Social Security Administration has never stated that morbid obesity automatically prevents a person from working, especially when the work is sedentary. SSR 96-9p, 1996 WL 374185 (July 2, 1996). And here, the evidence clearly shows that Crawford can sit for six hours a day, walk or stand for two hours a day, lift and carry ten pounds, and breathe in a clean environment despite his nonexertional limitations. Thus, his obesity and COPD (nonexertional limitations) do not significantly erode the occupational base at the sedentary level.

We conclude that the ALJ did not err by failing to obtain vocational expert testimony and instead relying solely on the Medical-Vocational Guidelines because Crawford's "'nonexertional impairment[s] [do] not diminish [his RFC] to perform the full range of [sedentary] activities.'"  Lucy, 113 F. 3d at 908 (quoting Thompson, 850 F.2d at 349-50).  Accordingly, substantial evidence on the record supports the ALJ's decision at step five that Crawford is not disabled because he can adjust to other work in the economy.

## III.  CONCLUSION

The judgment of the district court is affirmed.

_____