# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 15-2460

———————————————————

Lacey Reece

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

——————————

Submitted: January 14, 2016
Filed: August 24, 2016

——————————

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

——————————

KELLY, Circuit Judge.

After her application for Social Security benefits was denied by the Commissioner, Lacey Reece sought judicial review and the claim was remanded to obtain testimony from a vocational expert (VE) about her Residual Functional

Capacity (RFC).[1]  A second administrative hearing was held on September 9, 2013, after which her application was again denied.  Reece again sought judicial review.  The magistrate judge[2] affirmed the denial of her application for supplemental security income (SSI).  On appeal, Reece argues that the determination by the Administrative Law Judge (ALJ) that she is not disabled is not supported by substantial evidence on the record as a whole.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Reece was born on January 15, 1980, and has a GED.  The only job she ever held was helping her husband on the turtle farm he owns.  Reece filed an application for SSI on December 8, 2009, claiming she was unable to work due to osteoarthritis, lumbago, a congenital back defect, chronic stomach pain, and pulmonary restrictions.

As support for her claim, Reece presented medical records and a Medical Source Statement from her treating physician, Dr. James Robinette, who had treated her for back and leg pain since at least May 12, 2008.  In the Medical Source Statement, dated September 4, 2013, Dr. Robinette wrote that Reece suffers from osteoarthritis, chronic low back pain, and spastic colon.  Though he placed no limitations on Reece's ability to stand, walk, or sit during an 8-hour work day, he opined that she could only stand or walk for 4 hours without a break and does not have the physical stamina to complete a normal workday or maintain a full-time work schedule.  According to the Medical Source Statement, Reece could be expected to miss more than three days of work per month and her medications would decrease her

---

[1]An RFC is the most a claimant can do in spite of her limitations.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2]The Honorable Joe J. Volpe, United States Magistrate Judge for the United States District Court for the Eastern District of Arkansas, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

ability to concentrate and persist in a work setting, requiring occasional redirection to remain on task.

At the request of the Social Security Administration, Reece underwent a general physical examination by Dr. Raymond Valdes, who diagnosed her with low back pain, left hand weakness, and shortness of breath. On examination, Dr. Valdes determined that Reece's range of motion in her lumbar spine was limited to 75 degrees, rather than a full 90 degrees, and that she had an 85% grip in her left hand, which he characterized as a minimal loss. She otherwise had a normal range of motion for her cervical spine, shoulders, elbows, wrists, hands, hips, knees, and ankles. Dr. Valdes found Reece had a normal gait and coordination and could walk without an assistive device. Based on these findings, Dr. Valdes gave his opinion that Reece had "mild to moderate" limitations of functioning. Two state agency physicians, Dr. Jim Takach and Dr. Bill Payne, reviewed the evidence in the record and corroborated Dr. Valdes's opinion. They both concluded that Reece could perform a wide range of light work activity.

At the time of the second administrative hearing, Reece was 33 years old and had not worked since June 1, 2009. Reece testified at her hearing as follows. She has an extra vertebra in her lower back, arthritis, high cholesterol, and a lung infection. She has back, leg, and hand pain. Despite being told by doctors to quit smoking, she continues to smoke a pack of cigarettes per day. She takes several medications for pain and other health issues, such as high cholesterol. She does not have side effects from the medications and she testified that the pain medications help some. She wears a rib brace, usually at night. She has a driver's license but does not drive very often. She testified that she cannot walk very far but she thought she could carry a 20 pound grocery bag to her car. Reece does most of the cooking, cleaning, laundry, and shopping for her household. She testified she home-schools her daughter but also testified that she attends school functions when parents are invited. She does not

participate in social activities such as church or clubs.  During the day she cleans the house, watches TV, and visits with her mother and sister.

The ALJ also heard testimony from a VE at the second hearing.  In response to a hypothetical question from the ALJ, the VE testified that Reece could perform light work, as long as it did not require climbing ladders, ropes, or scaffolds, and did not expose her to concentrated heat or cold.  The VE testified that Reece could work as a small parts packer on a line, a cleaner or polisher, or a small parts assembler.  But the VE testified that those jobs would not be available to someone who was absent more than three days a month.  In his final hypothetical, the ALJ asked the VE whether there were jobs available for a claimant who could not sit, stand, or walk in combination throughout the course of an eight-hour workday and needed to lie down in order to alleviate back and leg discomfort.  The VE testified that these requirements could not be accommodated in any of the jobs she had mentioned.

Following the second disability determination hearing, the ALJ found that Reece was not disabled.  The ALJ evaluated Reece's claim according to the five-step sequential evaluation process established by the Social Security Administration.  See 20 C.F.R. § 416.920(a)(4); see also Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006).  At steps one and two, the ALJ found Reece was not currently working and had severe impairments—osteoarthritis with lumbago and pulmonary restriction—that significantly limited her ability to perform basic work activities.  At step three, the ALJ compared Reece's impairments to a list of impairments presumed severe enough to preclude any gainful employment, see 20 C.F.R. pt. 404, subpt. p, app. 1, and concluded that her impairments did not match or equal one of those listed impairments.  The ALJ then determined that Reece had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b),[3] except that she needed to be limited to jobs that

_____

[3]According to 20 C.F.R. § 416.967(b), "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category

did not require climbing ladders, ropes, or scaffolds, or expose her to unprotected heights or hazards, and that limited all remaining postural functions to being performed occasionally. In addition, the ALJ found that Reece needed to work in an environment free from exposure to extreme heat or cold. Although the ALJ found Reece had no past relevant work, the ALJ determined that there were other jobs in the economy that she could perform, such as a line worker, cleaner, or small product assembler. The ALJ determined that Reece therefore was not under a disability, as defined in the Social Security Act, at any time from December 8, 2009, through the date of the ALJ decision. The Social Security Appeals Council and the magistrate judge affirmed the ALJ's decision.

Reece appeals, contending that the ALJ's decision that she is not disabled is not supported by substantial evidence on the record as a whole because the ALJ failed to give good reasons for discounting Dr. Robinette's opinion.

## II. Discussion

Our review of a district court's denial of Social Security benefits is de novo. Crawford v. Colvin, 809 F.3d 404, 407 (8th Cir. 2015). We "affirm the ALJ's finding if supported by substantial evidence on the record as a whole." Id. (quoting Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011)). Substantial evidence is such relevant evidence "that a reasonable mind might accept . . . as adequate to support a decision," but it is a lower standard than preponderance of the evidence. Id. at 408 (quoting Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008)). We consider all evidence in

---

when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

the record, whether it supports or detracts from the ALJ's decision. Id. In so doing, "'[w]e do not reweigh the evidence presented to the ALJ,' and we defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." Johnson v. Colvin, 788 F.3d 870, 872 (8th Cir. 2015) (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006)). Even if substantial evidence in the record could have supported a contrary outcome, we must affirm the ALJ's decision if there is also substantial evidence to support it. Crawford, 809 F.3d at 408.

Reece asserts the ALJ failed to give proper weight to Dr. Robinette's opinion. Reece points to the Medical Source Statement Dr. Robinette filled out. In the Medical Source Statement, he checked "no" in response to the following questions: "Would patient have the physical stamina to complete a normal work-day, workweek, and maintain an ordinary work routine?" and "Is your patient capable of maintaining a full-time work schedule?" In the same Medical Source Statement, however, Dr. Robinette also noted that Reece could lift and carry 20 pounds both occasionally (1/3 of an 8-hour day) and frequently (2/3 of an 8-hour day), and had no limitation on her ability to stand, walk, or sit during an 8-hour day. The ALJ found Dr. Robinette's opinion that Reece could not maintain a full-time work schedule unpersuasive in light of the rest of the record as a whole.

"A treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Hamilton v. Astrue, 518 F.3d 607, 610 (8th Cir. 2008) (quoting Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000)). Although a treating physician's opinion is usually entitled to great weight, it "do[es] not automatically control, since the record must be evaluated as a whole." Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000) (quoting Bentley v. Shalala, 52 F.3d 784, 785–86 (8th Cir. 1995)). "The ALJ may discount or disregard such an opinion if other

medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." Hamilton v. Astrue, 518 F.3d 607, 610 (8th Cir. 2008) (quoting Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001)). Whether the ALJ gives the opinion of a treating physician great or little weight, the ALJ must give good reasons for doing so. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

The ALJ found Dr. Robinette's clinical and laboratory findings and ultimate opinion to be "highly inconsistent with the objective medical evidence in the record as well as his own treatment notes." The ALJ also found other evidence in the record, such as Reece's activities of daily living and Dr. Valdes's findings, did not support Dr. Robinette's opinion and supported a much higher level of functioning than would be expected from someone with the limitations described in Dr. Robinette's Medical Source Statement. The ALJ gave good reasons for finding unpersuasive Dr. Robinette's opinion that Reece could not maintain a full-time work schedule or have the stamina to perform an 8-hour work day.

First, the ALJ explained that Dr. Robinette's opinion seemed to be based on Reece's subjective complaints rather than any objective medical evidence, such as laboratory diagnostic results or referrals to specialists. See Cline v. Colvin, 771 F.3d 1098, 1104 (8th Cir. 2014) (Commissioner may give treating physician's opinion less deference when it is based on claimant's subjective complaints rather than objective medical evidence). In fact, as the ALJ noted, the objective tests that were done—tests for rheumatoid arthritis (RA), and a test for elevated thyroid stimulating hormone (TSH) and restless leg (RL)—showed no medical problem. The ALJ noted that Dr. Robinette's treatment notes did not contain any objective observations related to Reece's leg or back pain, such as observations of swollen joints or nodes or X-rays showing the erosion of joints. The ALJ also observed that Dr. Robinette provided routine, conservative medical treatment for Reece's back and leg pain and that her pain was treated effectively with medication, according to Reece's own testimony.

-7-

Moreover, Reece's primary complaints at her last two visits to Dr. Robinette, which occurred more than 7 months apart, were unrelated to back or leg pain. In October 2012, her primary complaint was a bite on her leg, and in May 2013 she received a routine medication refill and requested an oral surgery referral. A review of Dr. Robinette's treatment notes shows that, at times, Reece reported that her pain had improved because of her medications. Additionally, in June 2011, Reece had an appendectomy. The hospital records submitted as part of the record show she reported that she was in relatively good health and had a good ability to do activities and exercise. A lack of complaints to a treating physician detracts from a claimant's allegations of a disabling impairment. Fredrickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004).

Second, other evidence in the record also supports the ALJ's decision not to accord Dr. Robinette's opinion controlling weight. As noted by the ALJ, Reece's daily activities are not indicative of someone who is completely unable to work. The ALJ agreed that Reece's impairments reasonably could be expected to cause back and leg pain but found that she had exaggerated her symptoms to some extent. The ALJ noted Reece's daily activities—maintaining a house, driving, being able to carry a 20-pound grocery bag from a store to her car—were not indicative of someone who was completely unable to work due to disabling pain. For example, the ALJ observed that driving a car requires concentration and mental skill and the physical ability to sit, turn a steering wheel, and operate foot controls. Evidence of daily activities that are inconsistent with allegations of disabling pain may be considered in judging the credibility of such complaints. Dunahoo v. Apfel, 241 F.3d 1033, 1038–39 (8th Cir. 2001).

In addition, the ALJ considered Dr. Valdes's consultative examination. Dr. Valdes found that Reece's range of motion in her lumbar spine was only 75 degrees, rather than 90 degrees, but Reece otherwise had a full range of motion in her spine. In addition, his examination showed Reece had negative straight leg raises, no muscle

atrophy, no sensory abnormalities, and no muscle spasms. She had no muscle weakness, normal reflexes, no joint deformities or instability, normal gait and coordination, and could walk without an assistive device. Dr. Valdes concluded that Reece has only "mild to moderate" limitations in functioning. Dr. Valdes's opinion was corroborated by the two state agency physicians who agreed that Reece could perform a wide range of light work activity.

Upon careful review of the record, we conclude that the Commissioner gave good reasons for discounting Dr. Robinette's opinion and that substantial evidence in the record as a whole supports the Commissioner's decision that Reece was not disabled. We accordingly affirm the denial of benefits.

_____