# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1457

_____

Jeffrey Walker

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: September 27, 2018
Filed: December 20, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Jeffrey Walker appeals the district court's judgment, which affirmed the decision of an administrative law judge (ALJ) denying him disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 423, 1382. Having jurisdiction over this appeal under 28 U.S.C. § 1291, we reverse and remand for the reasons set forth below.

Walker filed for disability benefits in 2014, claiming disability with an onset date of October 25, 2011 based on multiple medical conditions. His primary care physician, Dr. Pratapji Thakor, has treated him since at least November 2013. Dr. Thakor noted that at several appointments throughout 2014 Walker exhibited limited range of motion in his cervical, thoracic, and lumbar spine as a result of degenerative disc disease and, in September 2014, opined that Walker should avoid work where he would be required to bend forward or lift any weight. In December 2015, Dr. Thakor noted Walker had difficulty pushing, pulling, or lifting more than ten pounds.

Walker's hearing before the ALJ was held in March 2016 and the ALJ issued his written decision on March 24, 2016. Following the familiar five-step sequential analysis of 20 C.F.R. §§ 404.1520 and 416.920, the ALJ determined that Walker had not engaged in substantial gainful activity at any point since October 25, 2011, that Walker has severe impairments consisting of degenerative disc disease with chronic neck pain, diabetes, and obesity, but Walker does not have an impairment or combination of impairments that meet or are medically equal to the severity of those impairments listed in 20 C.F.R. pt. 404, subpart P, app. 1. The ALJ determined that Walker maintains the residual functional capacity (RFC) for sedentary work with the following additional limitations: Walker is limited to only occasional climbing, crouching, stooping, kneeling, and crawling, never balancing or climbing ladders or scaffolds, lifting no more than 10 pounds frequently and 30 pounds occasionally, sitting for six to eight hours but no more than two hours at a time, standing or walking up to two hours a day but no more than 30 minutes at a time, and frequent reaching and handling to encompass no more than two-thirds of an eight-hour workday. In arriving at this RFC determination, the ALJ relied heavily on the opinions of Dr. Tim Maryanov, a neurosurgeon who examined Walker once in the summer of 2014, and two non-examining state agency physicians.

At the administrative hearing, the ALJ posed a hypothetical including these limitations to a vocational expert witness, who testified that, although Walker could

not perform any of his past relevant work, he could perform other jobs existing in significant numbers nationally, including telephone order clerk and surveillance system monitor. Based on this testimony and the opinions of several non-treating physicians, the ALJ found Walker was not disabled at any point between Walker's alleged onset date and the date of the hearing, and he denied benefits. Notably, in his RFC analysis, the ALJ did not mention Dr. Thakor's written opinion as to Walker's physical limitations.

Walker appealed to the Appeals Council, which declined to review the ALJ's decision. Walker then appealed to the district court, which found that, because the ALJ made his decision based on the record as a whole and placed limitations on Walker's work ability, he did not have to specifically address Dr. Thakor's opinions. It concluded that substantial evidence supported the ALJ's decision and upheld the denial of benefits. Walker then appealed to this Court.

"We review de novo a district court's decision upholding or reversing the denial of social security benefits." Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011). Social Security Administration regulations give special weight to the opinions of treating physicians. A treating physician is a doctor with whom the patient "has, or has had, an ongoing treatment relationship . . . ." 20 C.F.R. §§ 404.1502, 416.902 (2015).[1] Opinions by treating physicians receive controlling weight if they are well-supported by the medical evidence and are "not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. §§ 404.1527(c)(2), 416.927 (2015). "By contrast, '[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence.'" Singh v. Apfel, 222

---

[1]The regulations cited throughout are from the 2015 Code of Federal Regulations and were in effect at the time of the ALJ's decision. The relevant regulations were amended in 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 15132 (Mar. 27, 2017).

F.3d 448, 452 (8th Cir. 2000) (alteration in original) (quoting Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998)).

"Whether the ALJ gives the opinion of a treating physician great or little weight, the ALJ must give good reasons for doing so." Reece v. Colvin, 834 F.3d 904, 909 (8th Cir. 2016); see also 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2015). Such reasons include internal inconsistency or that other physicians' opinions have better evidentiary support. Reece, 834 F.3d at 909. This requires the ALJ to explain in his written decision, with some specificity, why he has rejected the treating physician's opinion. See Singh, 222 F.3d at 452. Failure to do so is reversible error. Id.

In Singh v. Apfel, this Court found an ALJ failed to provide good reasons for discounting a treating physician's opinion when, after noting that the patient's subjective complaints formed the basis for the doctor's opinion, the ALJ "stated only that she 'decline[d] to accept portions of [the treating physician]'s functional capacities assessment because it is unreliable and unsupported by objective medical evidence.'" Id. This Court concluded the ALJ's statement did not constitute good reasons because the treating physician's opinion had some objective medical support and because non-treating physicians' opinions, on their own, "cannot be considered substantial evidence in the face of the conflicting assessment of a treating physician." Id.

Here, the ALJ determined that Walker could occasionally stoop, crouch, kneel, and crawl even though Dr. Thakor restricted Walker from bending forward. The ALJ also determined that Walker could lift 10 pounds frequently and up to 30 pounds occasionally, despite Dr. Thakor's restriction precluding Walker from lifting any weight. The ALJ, therefore, clearly discounted Dr. Thakor's opinion.

Dr. Thakor based his opinion on MRI scans of Walker's spine—objective medical evidence—finding that Walker exhibited degenerative joint disease and severe degenerative disc disease. The ALJ acknowledged that the MRIs showed severe degenerative disc disease in Walker's lumbar spine, some level of degenerative disc disease in his thoracic spine, and mild spinal stenosis in his cervical spine. Despite this acknowledgment, the ALJ credited the opinion of Dr. Maryanov, a non-treating physician, see 20 C.F.R. § 404.1502 (2015) ("Nontreating source means a physician . . . who has examined you but does not have, or did not have, an ongoing treatment relationship with you."), that Walker's thoracic spine was normal and his cervical spine was near normal while failing to discuss Dr. Thakor's contrary findings or opinion. The ALJ based his ultimate functional limitation finding on Dr. Maryanov's treatment recommendation of pain management and physical therapy rather than surgery.

The ALJ could rely on Dr. Maryanov's opinion instead of Dr. Thakor's as long as he provided good reasons for doing so. See Reese, 834 F.3d at 909-10. Here, however, the ALJ failed to provide such reasons. Although the ALJ made brief references to Dr. Thakor in his written decision, stating that Dr. Thakor diagnosed Walker with degenerative changes in his cervical spine and that Walker reported certain symptoms and medication noncompliance in follow-up visits, he never mentioned the treatments or restrictions Dr. Thakor recommended. He did not state that Dr. Thakor based his decision on Walker's subjective complaints or that Dr. Thakor's decision was inconsistent with the objective medical evidence. See id. at 909. He did not even provide a blanket statement that he found Dr. Thakor's opinion unreliable, such as the one this Court rejected in Singh, 222 F.3d at 452. Rather, the ALJ's written decision simply ignores Dr. Thakor's opinion. Because the ALJ failed to acknowledge Dr. Thakor's opinion at all—let alone Dr. Thakor's opined postural and weightlifting restrictions—in his written decision, we cannot say he provided good reasons for his treatment of that opinion as he was required to do under the applicable regulations. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2015).

Accordingly, we reverse the district court's order affirming the ALJ's decision. We instruct the district court to remand the case to the ALJ for further proceedings consistent with this opinion.

LOKEN, Circuit Judge, dissents.

_____