# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3285

_____

Eric Lucus

*Plaintiff - Appellant*

v.

Andrew Saul,[1] Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 13, 2019
Filed: June 3, 2020

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Eric Lucus appeals the denial of his application for disability benefits, arguing that the ALJ failed to provide good reasons for giving his treating psychiatrist's opinion

_____

[1] Andrew Saul has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

limited weight. The district court held the ALJ's explanation was inadequate, but that the error was harmless. Because we conclude the error was not harmless, we reverse the district court's order affirming the ALJ and remand.

I.

Lucus applied for disability benefits in October 2015. At a hearing before an ALJ, he testified he suffered from memory loss, depression, and anxiety. A vocational expert also testified that a hypothetical individual with Lucus's condition might be able to perform light work, but would not be employable if he had to work slowly, take frequent breaks, or periodically miss work.

Later, Dr. Monika Goyal, Lucus's treating psychiatrist, submitted a mental residual capacity form. She indicated that Lucus's ability to "[m]aintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness" and "[t]ravel in unfamiliar places or use public transportation" did not prevent him from completing a full work day. AR 627–28. But, she also indicated that for 20% or more of the day, Lucus would be unable to remember "very short and simple instructions," "[m]aintain attention and concentration for extended periods," "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," or work with others "without being distracted by them." *Id.* at 626–27. Finally, she opined that he "would miss two or more days of work per month due to psychologically based symptoms," "gets nervous in crowds & unfamiliar places," and though "[h]e can carry out short and simple instructions, [he is] unable to remember long term." *Id.* at 628.

The ALJ denied Lucus's application. Following 20 C.F.R. § 404.1520, she concluded that Lucus had a residual functional capacity (RFC) enabling him to "perform tasks learned in thirty days or less involving no more than simple, work related decisions," and that he was therefore employable in the national economy. AR

12–19. To reach this decision, the ALJ gave only partial weight to Dr. Goyal, finding that her opinion was internally inconsistent and contradicted by the record and her own treatment notes. The ALJ instead credited an agency consulting psychologist's opinion that Lucus's impairments did not prevent him from working. The Appeals Council denied review.

The district court upheld the ALJ's decision on a harmless error theory. The court decided that the ALJ failed to adequately explain the "purported . . . inconsistenc[ies]" she found in Dr. Goyal's opinion and failed to discuss "the factors listed in SSA regulation[s] [for] determining the weight to give a treating source who is not entitled to controlling weight." D. Ct. Dkt. 23 at 3–4. Yet, because Lucus could not identify "greater limitations [to his RFC] that could have been found had [Dr. Goyal's] opinion been given greater weight," the court held the error was harmless. *Id.* at 5.

Lucus appeals, and we have jurisdiction under 28 U.S.C. § 1291.

II.

We review a district court's decision upholding the denial of a social security claim *de novo*. *Julin v. Covin*, 826 F.3d 1082, 1086 (8th Cir. 2016). "[Our] task is to determine whether the ALJ's decision 'complies with the relevant legal standards and is supported by substantial evidence in the record as a whole.'" *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted).

Under the relevant regulations,[2] an ALJ must give a treating physician's opinion controlling weight if it is well-supported by medical evidence and not inconsistent with the substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 553 (8th Cir. 2018). If the ALJ decides that the opinion does not deserve controlling weight, the ALJ must provide "good reasons" for this decision and must consider: the length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, record support for the opinion, the opinion's consistency, the extent to which the opinion is connected with the physician's specialization, and other relevant factors. 20 C.F.R. § 404.1527(c)(2)–(6). SSA guidance provided that the decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers . . . the reasons [for the decision]." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ identified two reasons for giving Dr. Goyal's opinion partial weight. First, the ALJ stated that it was internally inconsistent. But rather than identify a specific inconsistency, the ALJ simply listed ten of Dr. Goyal's conclusions without explaining why she believed they were incompatible or undermined her credibility. Second, the ALJ stated that Dr. Goyal's conclusion that Lucus gets "nervous in crowds and unfamiliar places" conflicted with her treatment notes and the record as a whole. In support of this finding, however, the ALJ cited only to statements from Dr. Goyal, confusingly combined conclusions from the mental RFC form with one reference to Dr. Goyal's treatment notes, and left out important context. For example, the ALJ brought up Lucus's participation in a bowling group, but never mentioned that it was part of his treatment for anxiety and depression at Pathways Behavioral Health Counseling Center.

---

[2] Lucus's claim is governed by 20 C.F.R. § 404.1527(c)(2)–(6). The SSA has since amended its rules for treating physician opinions, but those changes do not apply here. *See* 20 C.F.R. § 404.1520c.

Nor did she describe the repeated references in the record where Lucus required his therapist to help perform basic tasks like getting groceries and attending appointments.

We conclude the ALJ failed to give "good reasons" for giving Dr. Goyal's opinion limited weight as required by § 404.1527(c)(2). First, although inconsistencies can justify rejecting a treating physician's opinion, the ALJ did not make her reasoning "sufficiently specific to make [it] clear to any subsequent reviewers." SSR 96-2p at *5; *see also Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005). Like the district court, we do not understand the purported inconsistencies identified by the ALJ. And "[a]bsent some explanation for finding an inconsistency where none appears to exist," we will not fill in the gaps for the ALJ. *Reed*, 399 F.3d at 921 (holding the ALJ's explanation inadequate where it failed to describe how the claimant's ability to remember short instructions was inconsistent with the inability to concentrate for long periods).

Second, while an ALJ's explanation need not be exhaustive, boilerplate or "blanket statement[s]" will not do. *See Walker*, 911 F.3d at 554 (citing *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000)). Here, while the ALJ mentioned 20 C.F.R. § 404.1527, she either ignored or failed to discuss facts highly relevant to the factors listed therein. For example, the ALJ never noted that Dr. Goyal treated Lucus for at least 18 months as part of team that often met with him multiple times a week, that her specialization made her opinion especially relevant to Lucus's mental health, or that Lucus regularly relied on his therapist to help him function in public.

We also conclude that the ALJ's error was not harmless. An error is harmless when the claimant fails to "provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). The district court held that even if the ALJ had given Dr. Goyal's opinion greater weight, Lucus had not shown that this would have resulted in a more restrictive RFC determination. But the vocational expert's testimony refutes this conclusion. She

stated that a "hypothetical individual the same age, education, and work background as the Claimant," would not be employable if "that individual would miss work at least two, and possibly more, times per month." AR 73. She also testified that a hypothetical individual, like Lucus, who worked at a slow pace for 25% of the workday or required a break every two hours would be unemployable. That matches Dr. Goyal's assessment in most ways. AR 626–28 (Lucus "would miss two or more days of work per month," would have difficulty "performing activities within a schedule," and could not "[m]aintain attention and concentration for extended periods.").

The Commissioner argues that, at most, the ALJ's error "was one of decision drafting . . . that ha[d] no practical effect on the decision" because it was supported by substantial evidence. Comm'r Br. 26. We disagree. The failure to comply with SSA regulations is more than a drafting issue, it is legal error. *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003) (contrasting a "mere drafting oversight" with the "failure to follow . . . [t]he Commissioner['s] duly promulgated regulations"); *Walker*, 911 F.3d at 553 (failure to give good reasons for rejecting treating physician's opinion is "reversible error"). Also, as noted above, the error was not harmless because "we cannot determine whether the ALJ would have reached the same decision denying benefits, even if [s]he had followed the proper procedure" for considering and explaining the value of Dr. Goyal's opinion. *Brueggemann*, 348 F.3d at 695.

We reverse the judgment of the district court and instruct it to remand for further administrative proceedings and for reconsideration of Lucus's claims in a manner consistent with this opinion.

_____