# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1432

———————————————

Jason Lane

*Plaintiff - Appellant*

v.

Martin O'Malley, Commissioner of the Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: October 18, 2023
Filed: January 26, 2024
[Unpublished]

——————————

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Jason Lane applied for disability benefits due to anxiety and depression. An ALJ found that he was not disabled, so the Commissioner denied his application. The district court[1] upheld the denial of benefits, and Lane appeals.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

We review the district court's decision *de novo*, and we will affirm if the ALJ's determination "complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." Lucus v. Saul, 960 F.3d 1066, 1068 (8th Cir. 2020) (citation omitted).

The ALJ found that Lane could "respond appropriately to occasional interaction with supervisors and co-workers but should have no team or tandem work with co-workers and no interaction with the general public." A vocational expert concluded that someone with these limitations could still find work, which meant Lane was not disabled under the Social Security Act, see 42 U.S.C. § 1382c(a)(3)(B).

Lane argues that the ALJ's reference to "occasional" interactions is inconsistent with the shared opinion of two psychologists, which the ALJ found persuasive, that he could have "superficial" interactions. He reasons that because the terms are different—the former being about quantity and the latter about quality—omitting the psychologists' limitation renders the expert's conclusion unreliable and the ALJ's decision without substantial evidence.

We reject this manufactured inconsistency. The psychologists noted that Lane could relate to others superficially, work in small groups, and maintain at least minimal relationships with others. Nothing in the reference to "occasional" interactions conflicts with that opinion. And the ALJ, considering the entire record, addressed the quality of Lane's workplace interactions: no team, tandem, or public-facing work. We decline to nitpick its well-reasoned decision. Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam).

We affirm the district court's judgment.

_____