# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1977

_____

Vickie Nolen

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

_____

Submitted: January 12, 2023
Filed: March 2, 2023

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Vickie Michelle Nolen appeals the district court's[1] order upholding a decision by the Commissioner of the Social Security Administration denying her disability

_____

[1]Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

insurance benefits and supplemental security income. She argues that the Commissioner's decision was not supported by substantial evidence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On February 21, 2018, Nolen applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. **42 U.S.C. §§ 423, 1382**. She alleged a disability onset date of April 22, 2017. After several administrative hearings, an Administrative Law Judge found her not disabled under the Act. The Appeals Council affirmed, making the ALJ's decision the final decision of the Commissioner. *See Schmitt v. Kijakazi*, 27 F.4th 1353, 1358 (8th Cir. 2022).

Denying Nolen's claims, the ALJ considered her testimony and medical records and then applied the five-step disability evaluation from 20 C.F.R. § 404.1520. The ALJ determined that, despite medical challenges, Nolen retained the residual functioning capacity (RFC) to perform light work with some limitations. Relying on the RFC and testimony from a vocational expert, the ALJ found a significant number of jobs in the national economy that Nolen could perform.

Nolen challenges only the ALJ's consideration of an evaluation from one treating physician, Dr. Kevin M. Diamond. Dr. Diamond filled out a checklist form in which he opined that, contrary to the ALJ's RFC assessment, Nolen's impairments severely limited her physical activity and would require multiple absences from work.[2] The ALJ found Dr. Diamond's opinion unpersuasive because "the level of

---

[2]Before the alleged disability onset date, Dr. Diamond filled out a similar checkbox form. That older form, considered in Nolen's previous application for disability benefits, is not relevant to this appeal. *See Freeman v. Apfel*, 208 F.3d 687, 691 (8th Cir. 2000) (discounting opinions outside the relevant disability period).

limitation [was] unsupported and highly inconsistent with the examinations in the conservative treating record (including Dr. Diamond's own treatment notes) and claimant's activity level."

Nolen argues that the ALJ failed to sufficiently articulate his rationale for rejecting Dr. Diamond's opinion, rendering the ALJ's decision legally erroneous and unsupported by substantial evidence on the record as a whole.

## II.

"This court reviews de novo a district court's decision affirming the denial of social security benefits." *Kraus v. Saul*, 988 F.3d 1019, 1023 (8th Cir. 2021). It affirms "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Id.* at 1024 (citation omitted). The "substantial evidence" standard requires this court consider evidence that both supports and detracts from the Commissioner's decision, and the standard will be satisfied if a reasonable mind might accept the evidence as adequate to support the Commissioner's conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). The standard "is not high." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

The ALJ was justified in finding Dr. Diamond's opinion unpersuasive. Nolen's arguments parallel those rejected in *Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022). There, this court ratified an ALJ's rejecting a treating physician's checkbox opinion for two reasons: First, the opinion "was entitled to relatively little evidentiary value on its face, because it was rendered on a check-box and fill-in-the-blank form." *Swarthout*, 35 F.4th at 611. Second, the discounted medical opinion conflicted with the doctor's treatment notes, other medical examinations, the claimant's activity level, and the claimant's conservative treatment plan. *Id.* at 611–12.

-3-

The checkbox opinion here has both flaws identified in *Swarthout*. The opinion's bare, formulaic conclusion presumptively warranted little evidentiary weight "because it was rendered on a check-box and fill-in-the-blank form." *Id.* at 611. Dr. Diamond checked some boxes and left blank the short-answer section asking what objective medical findings supported his assessment. *See also **Thomas v. Berryhill***, 881 F.3d 672, 675 (8th Cir. 2018) (discounting a treating physician's assessment with "vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). The ALJ also found the checkbox form "unsupported and highly inconsistent" with the record because Dr. Diamond's conservative treatment plan, other medical opinions, and Nolen's own descriptions of her activities contradict the checkbox assessment. *See **Swarthout***, 35 F.4th at 611. Having considered the supportability and consistency of Dr. Diamond's opinion, the ALJ did not need to discuss other factors. *See* **20 C.F.R. § 404.1520c(b)(2)**.

The Commissioner, adopting the ALJ's decision, correctly applied the law and reached a conclusion supported by substantial evidence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____